THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-00139-FL-3
No. 7:14-CV-00087-FL

| | |
|---|---|
| ADOLFO JAIMES-CRUZ, ) | |
| ) | |
| Petitioner, ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the motions of Adolfo Jaimes-Cruz ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-376] and for leave to file an affidavit in support [DE-377], and the government's motion to dismiss or, in the alternative, for summary judgment [DE-381], to which Petitioner filed a response in opposition [DE-386]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here for disposition or recommendation to the District Court, as appropriate. 28 U.S.C. § 636(b)(1)(A), (B); Fed. R. Crim. P. 59(a), (b)(1). For the reasons stated below, Petitioner's motion for leave to file affidavit is allowed, pursuant to Rule 7(b) of the Rules Governing Section 2255 Proceedings, and it is recommended that Petitioner's § 2255 petition be dismissed.

## I. BACKGROUND

On December 3, 2008, Petitioner was indicted in a multi-count, multi-defendant drug conspiracy. [DE-22]. Petitioner's arraignment and trial were scheduled for February 2, 2009. [DE-48]. On December 18, 2008, CJA panel attorney Leza Lee Driscoll ("Driscoll") entered an

appearance on behalf of Petitioner and filed a request for discovery. [DE-54, -55]. On Petitioner's motion, the arraignment and trial were continued first to March 2, 2009 [DE-80, -82] and then to May 4, 2009 [DE-94, -98]. On March 17, 2009, Petitioner filed a motion to suppress out-of-court and subsequent in-court identifications [DE-107], which was denied as moot in light of the government's representation that it did not intend to offer the out-of-court identifications and subsequent in-court identifications at issue [DE-126].

On May 7, 2009, Petitioner was charged in a superceding indictment with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); possession with the intent to distribute 5 kilograms or more of cocaine and aiding and abetting the same offense, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 3); possession of a firearm in furtherance of a drug trafficking offense and aiding and abetting the same offense, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 4); eluding examination and inspection by immigration officers, in violation of 8 U.S.C. § 1325(a) (Count 7); possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a) (Count 8); and maintaining a place for the purpose of distributing cocaine and aiding and abetting the same offense, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count 15). [DE-115]. The court allowed Petitioner's motion to continue the arraignment and trial [DE-123, -126], and on June 9, 2009, Petitioner pleaded not guilty as to all counts and a jury trial was set for August 6, 2009. [DE-172].

On June 26, 2009, Petitioner joined co-defendant's motion to sever the immigration and drug-related offenses, which was denied. [DE-194, -195, -206]. This motion was renewed at trial and again denied. [DE-235]. On August 6, 2009, Petitioner changed his plea to guilty on Count 7,

2

eluding examination and inspection by immigration officers, in violation of 8 U.S.C. § 1325(a), and proceeded to trial on the remaining counts. [DE-220]. At the close of the government's evidence, Petitioner moved for acquittal pursuant to Rule 29 and the court denied the motion. [DE-237, -241, -257]. On August 17, 2009, the jury found Petitioner guilty on all remaining counts. [DE-241, -246]. Petitioner filed a sentencing memorandum raising certain objections to the Presentence Investigation Report ("PSR"). [DE-265]. On January 4, 2010, Petitioner was sentenced to a term of 248 months' imprisonment and 5 years' supervised release. [DE-271, -286]. On January 6, 2010, Petitioner filed a notice of appeal. [DE-277]. Driscoll was initially appointed to represent Petitioner on appeal [DE-296], but subsequently withdrew and substitute counsel was appointed [DE-313]. On February 15, 2013, the Fourth Circuit affirmed Petitioner's sentence, *United States v. Cavillo-Rojas*, 510 F. App'x 238, 240 (4th Cir. Feb. 15, 2013) (unpublished), and on October 7, 2013, a petition for writ of certiorari was denied, *Jaimes-Cruz v. United States*, 134 S. Ct. 97 (2013). Petitioner timely filed the instant § 2255 motion [DE-376] and a motion for leave to file an affidavit in support [DE-377]. The government moved to dismiss the petition or, in the alternative, for summary judgment. [DE-381]. Petitioner asserts, among other things, that his counsel was ineffective for coercing him to reject a plea offer and proceed to trial and for refusing to permit him to testify in his own defense at trial, and the court held an evidentiary hearing on these issues, at which Petitioner was represented by court-appointed counsel, to further develop the record. [DE-390, -416].

## II. STANDARD OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion or waiver of any right to appeal, courts and the public can

3

presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-00097-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

**B.      Rule 12(b)(6)**

The court may consider a motion to dismiss challenging the legal sufficiency of a § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) (unpublished); Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal

Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**C.     Rule 56**

"Unless the motion and the files and records of the case conclusively show that the prisoner

5

is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the nonmoving party then must affirmatively demonstrate, with specific evidence, that there exists a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." *Id.* at 255; *see also United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion."). Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a

6

reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. *Id.* at 489-90.

## III. DISCUSSION

Petitioner asserts trial counsel provided ineffective assistance by (1) failing to investigate applicable facts and law and failing to file a motion to sever; (2) coercing Petitioner to reject the government's plea offer and proceed to trial; (3) failing to inform Petitioner of his right to testify and refusing to permit Petitioner to testify at trial; (4) failing to object to a jury instruction regarding willful blindness; (5) failing to object to an error in the judgment regarding the sentence on Count 8; and (6) failing to seek a variance at sentencing. Pet'r's Mot. [DE-376] at 4; Pet'r's Mem. [DE-376-1] at 7-14; Pet'r's Resp. [DE-386] at 1-2. The government contends Petitioner's ineffective assistance of counsel claims are meritless. Gov't's Mem. [DE-382] at 10. Petitioner presented an affidavit in support of his motion [DE-377-1], and the government submitted the affidavit of Driscoll, Petitioner's trial counsel [DE-382-1]. At the evidentiary hearing, Petitioner testified on his own behalf and Driscoll and an interpreter, Javier Castillo, who translated for Driscoll during her representation of Petitioner, testified as witnesses for the government. [DE-420]. The court admitted one exhibit offered by Petitioner, the Driscoll affidavit, which was previously filed in the record at Docket Entry 382-1, and two exhibits offered by the government, the Petitioner's affidavit and a transcript of Petitioner's arraignment, both of which were also previously filed in the record at Docket Entries 377-1 and 335, respectively. *Id.*

7

### A. Ineffective Assistance of Counsel Claims

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *See Strickland*, 466 U.S. at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one").

#### 1. Failure to Investigate or File a Motion to Sever

Petitioner contends that trial counsel was ineffective by failing to investigate applicable facts and law and failing to file a pretrial motion to sever his trial from that of his co-defendants. Pet'r's Mem. [DE-376-1] at 7-9; Pet'r's Resp. [DE-386] at 1. Petitioner specifically argues that the only person who could implicate him was Juan Carlos Mendoza, but that there was a wealth of evidence against his co-defendants, and therefore a motion to sever was necessary to protect his right to a fair trial. Pet'r's Mem. [DE-376-1] at 9. In support, Petitioner cites argument from his appellate brief

8

regarding the "inconsistent testimony of Juan Carlos Mendoza," who "[a]t one point in his testimony . . . stated that [Petitioner] lived in the stash trailer but later on cross-examination admitted [Petitioner] did not live in the stash trailer and even testified that [Petitioner] 'probably did not know about the cocaine conspiracy.'" *Id.* at 7 (citing Appellant Br. at 26). Petitioner's claim lacks merit.

First, Petitioner points to no specific issue that trial counsel failed to investigate. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (stating that, "a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). The record indicates counsel promptly requested discovery from the government upon making an appearance in the case [DE-55], and counsel testified that she retained "a private investigator that was looking at any particular issue that came up to investigate it," Hr'g Tr. [DE-420] at 70:19-71:3, 72:4-6. Accordingly, Petitioner has failed to demonstrate counsel's performance was deficient in this regard.

Next, Petitioner's assertion that counsel should have filed a motion to sever his case from that of his co-defendants due to the insufficiency of evidence against Petitioner is undermined by the Fourth Circuit's decision on appeal rejecting Petitioner's challenge to the sufficiency of evidence used to convict him at trial. The Fourth Circuit found that the government "presented ample evidence to support the convictions," noting testimony that Petitioner "lived at 18 Roberts Lane, a trailer that was used to repackage and store large quantities of cocaine over a two-month period . . . ." *Cavillo-Rojas*, 510 F. App'x at 244. Furthermore, on the second day of trial when counsel learned that the government was seeking to introduce testimony that would create a conflict between Petitioner and certain co-defendants, counsel asserted that she had previously considered filing a motion to sever based on related testimony that a co-defendant's counsel might elicit, but the need

9

was obviated because the defense determined not to present the testimony. Trial Tr. [DE-338] at 20:9-20:16. At trial, counsel indicated that if the government intended to elicit the testimony, then severance may be necessary. *Id.* at 20:21-21:13. However, after a lengthy discussion between counsel for Petitioner, counsel for certain co-defendants, and counsel for the government and the court regarding the issue, the government stated it would not elicit the testimony regarding Petitioner, and counsel was satisfied and did not move for severance. *Id.* at 5:19-28:3. Counsel's strategy in this regard was reasonable.

Finally, the court expressly instructed the jury that "[t]he case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant." Trial Tr. [DE-343] at 157:23-158:2. In rejecting the same claim asserted by Petitioner' co-defendant, the court explained that "[t]he Supreme Court has recognized that 'less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice'" and the petitioner "fail[ed] to argue that the limiting instruction given in this case did not cure any prejudice that might have existed from being tried with his co-defendants." *Cavillo-Rojas v. United States*, No. 7:08-CR-139-FL, 2013 WL 4461551, at *4 (E.D.N.C. Aug. 20, 2013) (unpublished) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). This analysis applies equally here. Accordingly, Petitioner has failed to demonstrate that counsel was ineffective by failing to investigate or to file a motion to sever his case, or that he was prejudiced by the failure, and it is recommended that this claim be dismissed.

### 2. Decision to Reject a Plea Offer and Proceed to Trial

Petitioner contends his counsel provided ineffective assistance by coercing him, through the

10

provision of inaccurate legal advice, to reject a plea offer from the government and proceed to trial. Pet'r's Mem. [DE-376-1] at 9-12; Pet'r's Resp. [DE-386] at 1-2. More specifically, Petitioner asserts that counsel (1) presented him with a plea offer but strongly advised against it because there was no evidence tying him to the conspiracy, (2) stated that if Petitioner's brother (a co-defendant) went to trial that Petitioner would also have to go to trial, and (3) promised she could win the case. Pet'r's Mem. [DE-376-1] at 10; Pet'r's Aff. [DE-377-1] ¶¶ 5, 10-12; Hr'g Tr. [DE-420] at 17:13-21. Petitioner contends he did not want to risk going to trial and told counsel he wanted to plead guilty, but based on counsel's advice Petitioner understood counsel could make that decision for him and he had no choice in the matter. Pet'r's Mem. [DE-376-1] at 10; Pet'r's Aff. [DE-377-1] ¶¶ 9, 14-16; Hr'g Tr. [DE-420] at 17:9-23.

The Sixth Amendment provides a criminal defendant with the right to competent counsel that "extends to the plea-bargaining process." *Lafler v. Cooper*, — U.S. —, 132 S. Ct. 1376, 1384 (2012) (citation omitted). The *Strickland* test governs claims of ineffective assistance in plea bargaining. *Id.* (citation omitted). A showing of deficient performance in the plea-bargaining context, as with other types of ineffective assistance claims, requires a petitioner "show that counsel's representation fell below an objective standard of reasonableness." *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 688). "Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight." *Id.* (internal quotation marks and citations omitted).

Petitioner and his trial counsel presented conflicting accounts at the evidentiary hearing regarding Petitioner's desire to enter a guilty plea or go to trial. "In assessing the credibility of witnesses, trial courts consider 'variations in demeanor and tone of voice.'" *Rahman v. United*

11

*States*, No. 7:08-CR-126-D, 2013 WL 5222160, at *5 (E.D.N.C. Aug. 27, 2013) (unpublished) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985)), *report and recommendation adopted*, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013). "In addition, '[d]ocuments or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it.'" *Id.* (citing *United States v. Marcavage*, 609 F.3d 264, 281 (3d Cir. 2010)). "Additional considerations can include the witness's motive to lie and the level of detail in the witness's statements." *Id.* (citing *United States v. Wilson*, 624 F.3d 640, 665 (4th Cir. 2010)).

Petitioner testified that the first time he met with counsel they discussed the charges against him and counsel advised him that he had to plead guilty but did not present any plea offer from the government. Hr'g Tr. [DE-420] at 6:12-8:13. At that time, Petitioner wanted to go to trial because he was not guilty. *Id.* at 8:17-24. After meeting with counsel, Petitioner talked to others at the jail, did research about how a trial works, and concluded that others would lie about him at trial and that he could receive a life sentence, so he decided he would rather plead guilty to something he did not do in exchange for a good plea agreement. *Id.* at 11:6-13, 12:23-13:7, 13:20-24. Petitioner met for a second time with counsel and explained that he no longer wanted a trial and inquired about a plea agreement. *Id.* at 11:14-12:22. Petitioner also asked how much time he would likely get if he pleaded guilty rather than going to trial, and counsel advised him that she was not the judge, did not know what his sentence might be, and that he had to go to trial because his co-defendants were going to trial. *Id.* at 13:12-16, 15:7-17. Petitioner believed he could not plead guilty because whether to go to trial or plead guilty was counsel's decision to make. *Id.* at 15:7-16:5.

Driscoll testified that throughout her representation of Petitioner she advised him to plead

12

guilty, because at least three different people had made statements against Petitioner's interest. *Id.* at 48:1-22. Petitioner wanted to go to trial against counsel's advice, and at the conclusion of their first meeting counsel drafted a statement memorializing her advice to Petitioner and Petitioner's decision to reject that advice and proceed to trial, and Petitioner signed the statement. *Id.* at 49:3-50:7; [DE-382-1] at 5. Counsel had another lengthy meeting with Petitioner five days prior to his arraignment and again advised Petitioner to plead guilty. Hr'g Tr. [DE-420] at 50:11-51:14. Counsel explained the various options, such as pleading guilty pursuant to a plea agreement, with or without cooperation, or pleading guilty with no plea agreement, and counsel advised Petitioner that he would receive a substantially greater term of imprisonment if convicted by a jury as opposed to pleading guilty. *Id.* at 52:1-21, 53:13-22, 54:7-18. Counsel memorialized her advice to Petitioner. [DE-382-1] at 6-7, 9.

The undersigned finds Driscoll's testimony that she consistently advised Petitioner to plead guilty and that he chose to proceed to trial against her advice to be credible because it is consistent with her written notes. Counsel's documentation from three separate meetings with Petitioner indicates that she repeatedly advised Petitioner that he should plead guilty and that doing so was likely to result in less prison time than if he was convicted at trial. [DE-382-1] at 6-7, 9. Conversely, the undersigned finds Petitioner's testimony that he was coerced into rejecting a plea agreement and proceeding to trial to be not credible. According to Petitioner, trial counsel initially advised him to plead guilty and Petitioner wanted to go to trial, but after Petitioner changed his mind and wanted to plead guilty, counsel inexplicably reversed course and advised Petitioner he must go to trial and could not plead guilty. Hr'g Tr. [DE-420] at 6:12-8:13, 8:17-24, 11:14-12:22, 15:7-17; 25:10-17. This scenario is simply implausible. Furthermore, Petitioner presented testimony at the

13

evidentiary hearing that contradicted his affidavit. Petitioner stated in his affidavit that prior to trial counsel presented him with a plea offer from the government, [DE-377-1] ¶ 5, however, at the hearing Petitioner testified that counsel never presented him with a plea offer, Hr'g Tr. [DE-420] at 8:2-9. Petitioner's affidavit contains nothing regarding his testimony that he initially desired to go to trial, but later changed his mind or that counsel initially advised him to plead guilty. Pet'r's Aff. [DE-377-1] at 2-3. This further undermines the veracity of Petitioner's testimony that he changed his initial decision to go to trial and wanted to plead guilty, but counsel refused to allow him to do so. Finally, at arraignment Petitioner told the court that he wished to plead not guilty, that he was fully satisfied with counsel's services, that he had no questions, and he gave no indication that he actually wanted to plead guilty. Arraignment Tr. [DE-335] at 38:1-15. Tellingly, Petitioner did in fact later change his plea to guilty on Count 7 of the indictment on the first day of trial, further calling into question his asserted belief that he could not plead guilty and had to go to trial. Trial Tr. [DE-337] at 24:2-30:6; Hr'g Tr. [DE-420] at 23:25-24:5. Accordingly, Petitioner has failed to demonstrate that counsel provided ineffective assistance by coercing Petitioner to reject a plea agreement and proceed to trial and it is recommended that this claim be dismissed on the merits.

### 3.     Petitioner's Right to Testify at Trial

Petitioner contends that counsel did not inform him of his right to testify and refused to permit Petitioner to testify when he desired to do so. Pet'r's Mem. [DE-376-1] at 12-13; Pet'r's Resp. [DE-386] at 1-2. "[A] criminal defendant has a constitutional right to testify on his own behalf at trial." *United States v. Midgett*, 342 F.3d 321, 325 (4th Cir. 2003) (citing *Rock v. Arkansas*, 483 U.S. 44 (1987)). In order to succeed on a claim of ineffective assistance of counsel based upon an attorney's refusal to allow a defendant to exercise his right to testify, a petitioner must show both that

counsel violated his right and that his testimony had a reasonable probability of changing the outcome of the case. *United States v. Rashaad*, 249 F. App'x. 972, 973 (4th Cir. 2007) (unpublished) (citing *Strickland*, 466 U.S. at 694).

Petitioner and his trial counsel presented conflicting accounts at the evidentiary hearing regarding whether Petitioner was informed of his right to testify at trial or prohibited from doing so. Petitioner testified that the last time he met with counsel they discussed whether or not he would testify at trial. Hr'g Tr. [DE-420] at 18:5-8. Petitioner did not recall the court advising him of his right to testify at trial during his first arraignment when he pleaded not guilty, but he did recall that at trial the court asked him if he wanted to testify, counsel then asked him, in open court, if he wanted to testify, and he responded in the affirmative. *Id.* at 20:5-12, 34:5-13. He also recalled counsel advising him that she would come to the jail to help prepare him for his testimony. *Id.* at 20:20-23. Counsel came to the jail with a translator and the attorney for one of the co-defendants, explained to Petitioner how providing testimony works, and asked Petitioner several questions, which he answered. *Id.* at 21:8-13. Counsel then told Petitioner that he could not testify, and although he did not ask her why, he recalled her saying it was because he was no good at lying. *Id.* at 21:13-16. Counsel did not discuss with Petitioner his right to testify, and Petitioner did not say anything further to counsel during the meeting regarding his desire to testify, because he believed she must be correct, based on her experience and knowledge. *Id.* at 22:8-17. The following day, the court asked whether Petitioner wanted to testify and counsel, not Petitioner, responded. *Id.* at 22:22-25.

Driscoll testified that she had conversations with Petitioner regarding his right to testify at trial and would have talked about his right to testify or not testify, which was part of her habit and

15

Case 7:08-cr-00139-FL   Document 421   Filed 04/19/16   Page 15 of 20

practice. *Id.* at 57:11-25. Counsel recalled meeting with Petitioner at the jail after the close of the government's evidence to discuss the risks of testifying at trial and brought another attorney with her to question Petitioner for purposes of demonstrating cross-examination. *Id.* at 58:4-24. At the end of the meeting counsel advised Petitioner not to testify, because she believed some of the things he wanted to testify to were inconsistent with what the evidence had shown, she did not believe he seemed credible, and she was concerned he would receive an obstruction enhancement if convicted. *Id.* at 58:24-59:1, 74:10-15. Counsel did not remember specifically, but indicated that it was her habit and practice to advise, explain the risks, and give her client the choice regarding testifying, and she had never deviated from that practice and would not have deviated in this case. *Id.* at 59:2-14. Counsel indicated that Petitioner decided not to testify and that if he had chosen to testify she would have questioned him and not prevented him from testifying. *Id.* at 59:15-60:2. Counsel believed Petitioner understood he had a right to testify, but did not recall the specific conversation she had with him regarding his right to testify. *Id.* at 74:25-75:12. Counsel did not have Petitioner sign a document indicating he had been advised of his right to testify, because she anticipated that the court would at trial advise Petitioner regarding his right to testify and question him about his understanding of the right, but she did not recall whether the court did so in this case. *Id.* at 74:25-76:15.

Petitioner must show both that counsel violated his right and that he suffered prejudice. *Strickland*, 466 U.S. at 697. Nowhere does Petitioner address what testimony he would have provided had he testified or how this testimony might have changed the outcome of the case, and the Fourth Circuit on appeal found that the government "presented ample evidence to support the convictions . . . ." *Cavillo-Rojas*, 510 F. App'x at 244; *see Hamilton v. United States*, No.

16

7:10-CR-117-H, 2014 WL 6977757, at *3 (E.D.N.C. Dec. 9, 2014) (unpublished) (rejecting claim of ineffective assistance of counsel regarding right to testify where petitioner "alleged no facts showing any prejudice resulting from the alleged interference with his right to testify," failed to allege "a reasonable probability that the outcome would have been different had he exercised his right to testify," and the record showed "significant evidence supporting the jury's finding of guilt."). For this reason alone, the claim fails. Additionally, at Petitioner's arraignment the court expressly advised Petitioner that he had the right to take the witness stand if he wanted to, but that he did not have to because he also had the right to remain silent, and Petitioner affirmed his understanding of his rights as explained by the court. Arraignment Tr. [DE-335] at 29:16-18, 38:11-13; *see Massey v. United States*, No. 5:10-CR-00166-F-1, 2015 WL 1800573, at *6 (E.D.N.C. Apr. 16, 2015) (unpublished) (dismissing claim for failure to inform defendant of his right to testify for failure to allege prejudice and noting that at defendant's arraignment the court advised him that he had the right to testify if he chose to do so at a jury trial). Accordingly, Petitioner has failed to demonstrate prejudice resulting from the alleged ineffective assistance regarding his right to testify and it is recommended this claim be dismissed.

### 4. Willful Blindness Instruction

Petitioner contends counsel was ineffective for failing to object to the court's jury instruction regarding willful blindness. Pet'r's Mem. [DE-376-1] at 13-14. Petitioner's counsel did object to the willful blindness instruction. Trial Tr. [DE-341] at 236:6-9, [DE-342] at 162:6-164:11, [DE-343] at 7:11-16. Although the court ultimately included the instruction, it was in an altered form suggested by Petitioner's counsel, which was more favorable to the defense. *Id.* [DE-343] at 5:2-22. Accordingly, Petitioner has failed to demonstrate ineffective assistance regarding the willful

17

blindness instruction and it is recommended this claim be dismissed.

### 5. Failure to Object to or Appeal an Error in the Criminal Judgment

Petitioner contends that trial counsel and appellate counsel were ineffective for failing to object to or appeal an error in the judgment imposing two terms of 120 months on Count 8. Pet'r's Mem. [DE-376-1] at 14. The judgment does appear to contain a typographical error, where it reads,

> 188 Months on each of Counts 1,3 & 15 to be served concurrently. A term of 6 Months on Count 7 to run concurrent. **A term of 120 Months on Count 8 which shall run concurrently. A term of 120 Months on Count 8 to run concurrently.** A term of 60 Months on Count 4 which shall run consecutively to Counts 1,3,7,8 & 15 to produce a total term of 248 months.

Judgment [DE-286] at 3 (emphasis added). Notwithstanding, there was no prejudice to Petitioner, where the sentence on Count 8 ran concurrently to the higher sentence on other counts and did not affect the total term of 248 months (188 months on each of Courts 1, 3 & 15 to be served concurrently, plus 60 months on count 4 to run consecutively). *Strickland*, 466 U.S. at 694 ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). Accordingly, Petitioner has failed to demonstrate ineffective assistance regarding the judgment and it is recommended this claim be dismissed.

### 6. Failure to Seek a Variance

Petitioner contends counsel was ineffective for failing to seek a variance at sentencing in light of the evidentiary rules regarding drug weight and other issues. Pet'r's Mem. [DE-376-1] at 14. In a sentencing memorandum counsel filed on behalf of Petitioner, counsel sought a variance pursuant to § 3B1.2 of the Sentencing Guidelines for Petitioner's mitigated role. Sentencing Mem. [DE-265] at 4-5. Counsel also argued that the drug weight attributed to Petitioner was overstated. *Id.* at 3-4. Counsel made several objections to the PSR, including to the drug quantities attributed to Petitioner

18

and the corresponding Guidelines calculations. PSR [DE-260] at 15-17. At sentencing, counsel continued to argue that the drug weight was overstated as to Petitioner and the court excluded 50 kilograms of cocaine previously attributed to Petitioner, however, this did not change the base offense level. Sentencing Tr. [DE-346] at 6:2-23:4. Counsel also argued for a variance at sentencing, requesting 15 years or alternatively a sentence at the low end of the Guidelines range, which was 248 to 295 months. *Id.* at 23:7-13, 24:10-25:12. The government argued for a sentence at the top of the Guidelines range. *Id.* at 23:17-24:8. Although the court declined to grant a variance, it did sentence Petitioner at the low end of the Guidelines. *Id.* at 25:17-26:8. Accordingly, Petitioner has failed to demonstrate ineffective assistance at sentencing and it is recommended this claim be dismissed.

## IV. CONCLUSION

Based on the foregoing, Petitioner's motion for leave to file affidavit [DE-377] is ALLOWED and it is RECOMMENDED that the government's motion to dismiss or alternatively for summary judgment [DE-381] be ALLOWED as to the claims of ineffective assistance of counsel related to failure to file a motion to sever, the right to testify, the willful blindness instruction, the error in the judgment, and sentencing, that the ineffective assistance claim related to rejecting the plea offer and proceeding to trial be dismissed on the merits,[1] and that Petitioner's § 2255 petition [DE-376] be DISMISSED in its entirety.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each

---

[1] As this court has noted, where a recommendation is based upon a credibility determination, summary judgment is not appropriate. *See Warford v. United States*, No. 7:11-CR-136-FL, 2014 WL 793319, at *5 (E.D.N.C. Feb. 26, 2014) (unpublished) (citing *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 205 (4th Cir. 2012)), *appeal dismissed*, 583 F. App'x 289 (4th Cir. 2014). Rather, having considered the testimony at the evidentiary hearing and having resolved a genuine issue of material fact, it is recommended that this ground for relief be denied on the merits. *Id.*

of the parties or, if represented, their counsel. Each party shall have until **May 3, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

ORDERED AND SUBMITTED, this the  _18_  day of April 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

20