IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CR-139-FL-3
NO. 7:14-CV-87-FL

| | | |
|---|---|---|
| ADOLFO JAIMES-CRUZ, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 376), and the government's motion to dismiss or in the alternative for summary judgment (DE 381). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 421), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion. Petitioner timely filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, denies petitioner's 2255 motion, and grants respondent's motion.

## BACKGROUND

Petitioner was found guilty following a jury trial of possession with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 846; possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); possession of a firearm by an illegal alien, in

violation of 18 U.S.C. § 922(g)(5) and 924; and maintaining a premises for distributing cocaine, in violation of 21 U.S.C. § 856(a)(1). Petitioner separately pleaded guilty to eluding examination and inspection by immigration officers, in violation of 8 U.S.C. § 1325(a). The court sentenced petitioner on January 4, 2010, to a total term of imprisonment of 248 months. Petitioner appealed and the court of appeals affirmed the judgment on February 15, 2013.

Petitioner filed the instant motion to vacate on May 5, 2014, asserting claims based upon ineffective assistance of counsel. The government filed the instant motion to dismiss or in the alternative for summary judgment on June 17, 2014. The court reduced petitioner's sentence to 211 months, pursuant to 18 U.S.C. § 3582, on November 17, 2015. The magistrate judge held an evidentiary hearing on March 22, 2016, and entered M&R on April 19, 2016. On May 3, 2016, petitioner filed objections to the M&R.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

B.  Analysis

Petitioner raises general objections to the M&R. He first argues that the M&R erred in finding more credible trial counsel's testimony than petitioner's testomny regarding counsel's advice to petitioner on accepting or rejecting a plea offer. Upon careful review of the M&R and the record in this matter, the court finds the M&R correctly resolved petitioner's ineffective assistance of counsel claim regarding the plea offer. The M&R outlined ample reasons in the record for finding trial counsel's testimony more credible than petitioner's. Petitioner has failed to demonstrate that "counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Accordingly, the court adopts the analysis in the M&R as its own and denies the claim on the merits.

Petitioner next argues that the M&R erred in recommending dismissal of petitioner's claim that trial counsel was ineffective in failing to adequately inform petitioner of his right to testify at trial and to refuse to allow him to testify during trial. Where petitioner has failed to demonstrate

3

prejudice as a result of the alleged error, see Strickland, 466 U.S. at 694, the M&R properly recommended dismissal of this claim. Accordingly, the court adopts the analysis in the M&R as its own and denies the claim on the merits.

As to the remaining claims asserted in the § 2255 motion, which claims are not otherwise advanced in petitioner's objections, finding no clear error, the court adopts and incorporates herein by reference the analysis of the M&R of such claims. Accordingly, the court denies the remaining claims asserted in the § 2255 motion.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge. The government's motion to dismiss or in the alternative for summary judgment (DE 381) is GRANTED. Petitioner's motion to vacate, set aside, or correct his sentence (DE 376) is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

4

SO ORDERED, this the 22nd day of July, 2016.

                                             LOUISE W. FLANAGAN
                                             United States District Judge